OPINION OF THE COURT
Edward S. Conway, J.
This is a motion brought on by an order to show cause for an order compelling the Comptroller to pay interest as directed by the judgment of this court dated April 19,1989.
The judgment ordered the Comptroller to pay interest on the judgment "as computed in accordance with law.”
The Comptroller contends that there is no interest due *929 pursuant to the judgment because State Finance Law § 179-f provides, in pertinent part, as follows: "(1) Each state agency which is required to make a payment from state funds pursuant to a contract and which does not make such contract payment by the required payment date shall make an interest payment to the contractor in accordance with this article on the amount of the contract payment which is due, unless failure to make such contract payment is the result of a lien, attachment, or other legal process against the money due said contractor”. (Emphasis supplied.)
In addition, State Finance Law § 139-f (1) provides, in pertinent part, as follows: "Upon receipt of such requisition the public owner shall approve and promptly pay the remaining amount of the contract balance less two times the value of any remaining items to be completed and an amount necessary to satisfy any claims, liens or judgments against the contractor which have not been suitably discharged.” (Emphasis supplied.)
The Comptroller further contends that in the present case an action was commenced by Cowper-Siegfried Construction Co., Inc. against Walsh Construction Company and others. The dispute involved the subject contract and the complaint alleges both claims under alleged liens and breach of contract claims. The claims of Cowper-Siegfried, related to the two liens asserted by Cowper-Siegfried, have been bonded and, therefore, may be considered "suitably discharged.”
Although that may be applicable to the lien claims, the remaining claims in the Cowper-Siegfried complaint totaled $2,262,101. Payment No. 20 amounted to significantly less than this amount, i.e., $1,798,043.78. Because the claims asserted by Cowper-Siegfried against Walsh Construction totaled more than the payment due Walsh, State Finance Law § 139-f mandated that the public owner withhold the entire amount of the payment due to Walsh. Thus, the payment date asserted is incorrect since no payment could be made pursuant to the provisions of both State Finance Law §§ 139-f and 179-f (1).
The Comptroller further contends that the labor and material bond does not result in the Cowper-Siegfried claim in the complaint being considered "suitably discharged”. Should the State make an overpayment and/or a payment which it is not required to make to the contractor under common principles of surety law, the surety is discharged with respect to the *930 amount of any such overpayment. Therefore, the specific provisions of State Finance Law § 139-f do not permit the State to make payment No. 20 since the claim had not been "suitably discharged”.
The State’s obligation to pay in this particular case did not arise until the judgment on April 19, 1989 was filed and served. Since such service payment was made within the time limits provided in State Finance Law § 179-f, the proper computation of interest due "in accordance with” law results in there being no interest due and payable with respect to payment No. 20.
It is the apparent contention of the petitioner that the claims asserted in the Cowper-Siegfried complaint against the petitioner are merely restatements of the lien claims that were discharged by the filing of a bond and that if the liens were discharged, the claims in common-law contract terms, in the complaint in causes of action against the petitioner, are not claims against the State of New York and were not a bar to the payment of the petitioner on their due date and, therefore, interest should be paid from said date to the date of payment as required by law.
Petitioner further contends that the State Finance Law only permits an amount necessary to satisfy any claims that the State could be forced to pay to be deducted and withheld from payment of the remaining amount of the contract balance. The liens were discharged by a bond, there were no judgments against the contractor and no claims that the State would have to pay if the contractor failed to do so. The subcontractor Cowper-Siegfried Construction Co., Inc. filed their liens for their claims and they were discharged by a bond and if the liens fail or are unenforceable, neither the bonding company nor the State would be liable.
The Comptroller rightly contends that, if interest is to be paid, the appropriate date for the computation is February 6, 1989.
This court must agree with the petitioner’s contentions and grant the motion to compel the Comptroller to pay interest due from February 6, 1989.